UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

LINDA DIEDEL, an individual,

    Plaintiff,

vs.

SEFARDIK ASSOCIATES, LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Linda Diedel ("Diedel"), sues Defendant, Sefardik Associates, LLC (the "Defendant") and alleges:

## JURISDICTION AND THE PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, and its implementing regulations, and § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. (the "Rehabilitation Act"). In addition to claims for injunctive and declaratory relief, Diedel also seeks compensatory damages under the Rehabilitation Act.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this Judicial District.

4. The Defendant is a Florida limited liability company, duly authorized to transact business within the State of Florida.

5. The Defendant owns and operates The Nursing Center at Mercy (the "Nursing Center"), located in Miami-Dade County, Florida. The Nursing Center is a for-profit nursing home that provides in-patient rehabilitation services.

6. Diedel is a resident of the City of Miami and lives in close proximity to the Nursing Center. Diedel is a qualified individual with disabilities under the ADA and Rehabilitation Act as she has multiple physical ailments which substantially impair the major life activity of walking. Diedel requires the use of a wheel chair and/or an electric scooter for virtually all mobility.

## BACKGROUND

7. On or about September 7, 2007, Diedel was admitted to the Nursing Center from Sister Emanuel Hospital.

8. The purpose of Diedel's stay at the Nursing Center was to receive physical therapy on her hip. Her stay at the Nursing Center lasted a little over one (1) month.

9. During her stay at the Nursing Center, Diedel was placed in a patient room that was inaccessible to a wheelchair user. In addition, the bathroom within her patient room was inaccessible and could not accommodate a wheelchair.

10. On several occasions Diedel requested that she be allowed to bring in her electric scooter which was smaller and would allow her a greater amount of accessibility. Nevertheless, the Nursing Center denied her requests.

11. As a result of the foregoing, Diedel was either subjected to the use of a bed pan or portable toilet.

12. On one occasion, Diedel was left on a bedpan full of waste for so long that she developed welts that had to be treated with medication in order to heal them.

When Diedel complained and requested to speak with a supervisor, she was told to put her complaint in writing. Despite providing the written complaint, Diedel never received a copy even though she requested it.

13.     Diedel was also denied access to a common use shower and/or other bathing facility that could accommodate her wheelchair.

14.     Notwithstanding the foregoing issues, Diedel has a definite need to return to the Nursing Center in the future. [1]

15.     On information and belief, the Defendant is a recipient of federal funding because it receives Medicare payments for the treatment of its patients at the Nursing Center subjecting it to the requirements of the Rehabilitation Act.

## COUNT I – VIOLATION OF THE ADA

Paragraphs 1 – 15 are realleged and incorporated as if fully set forth herein.

16.     The Nursing Center is a place of public accommodation; therefore it is subject to Title III of the ADA. 42 U.S.C. § 12187(7)(F).

17.     The Defendant has discriminated, and continues to discriminate against Diedel by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Nursing Center as prohibited by 42 U.S.C. § 12182 et seq.; and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

---

[1] Diedel lives 1.5 miles from the Nursing Center. Diedel has extensive history with the various facilities on the Mercy Hospital campus. During the last five (5) years Diedel has been a regular patient and visitor at Mercy's Hospital, including its in-patient and out-patient facilities. She also sees several doctors in the professional office buildings who hold privileges at Mercy Hospital.

18.     Specifically, the Defendant violates 42 U.S.C. §§ 12182, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.* (the federal regulations implementing the requirements of the ADA), in the following ways:

    A.     Non-compliant patient rooms;

    B.     Non-compliant bathrooms within patient rooms; and

    C.     Non-compliant common use showers and/or bathing facilities.

19.     The Defendant has also violated 42 U.S.C. §§ 12183 by failing to make alterations that are, to the maximum extent feasible, readily accessible to and useable by individuals with disabilities.

20.     On information and belief, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

21.     On information and belief, there are other readily achievable barriers that exist in other parts of the Nursing Center that have not been remedied, including non-compliant designated disabled parking spaces.

22.     Diedel has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover those attorney fees, expert fees, costs, and expenses incurred in this case from the Defendant.  42 U.S.C. § 12205; 28 C.F.R. § 35.175.

23.     Plaintiff has a definite need and intention to return to the Nursing Center in the future.

24.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Diedel injunctive relief, including an order to alter the Nursing Center to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Diedel demands judgment against the Defendant and requests, as injunctive and declaratory relief, that the Court enter an Order:

 A. Declaring that the Nursing Center owned by the Defendant is discriminatory and violates the ADA by denying Diedel meaningful access to the Nursing Center;

 B. Requiring the Defendant to alter the Nursing Center to make it accessible to and usable by Diedel and other individuals with disabilities to the extent required by Title III of the ADA;

 C. Directing the Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures at the Nursing Center;

 D. Mandating the Defendant to remove all architectural barriers to the extent that it is readily achievable and technically feasible to do so, or provide alternative means when appropriate;

 E. Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to Diedel;

 F. Awarding such other relief as the Court deems proper; and

 G. Retaining jurisdiction of this case until the Defendant has fully complied with the orders of this Court.

## **COUNT II – VIOLATION OF THE REHABILITATION ACT**

Paragraphs 1 – 15 are realleged and incorporated as if fully set forth herein.

25. Diedel is mobility impaired and a qualified disabled person under the Rehabilitation Act.

26. The Rehabilitation Act provides that "no otherwise qualified handicapped individual … shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

27. Because it receives federal financial assistance, the Defendant is subject to the requirements of the Rehabilitation Act, and its implementing regulations.

28. Diedel is otherwise qualified to participate in the Defendant's patient services, programs, and activities.

29. The Defendant denied Diedel the benefits of its services, programs, and activities solely by reason of her disability, by committing the acts and omissions described in ¶¶ 9 and 13, *supra*.

30. The Defendant's discriminatory conduct against Diedel was deliberate and intentional, and/or in reckless disregard of Diedel's rights.

31. The actions or inactions of the Defendant caused Diedel to suffer discrimination, emotional pain and suffering, humiliation, distress, anxiety, and trauma, for which she is entitled to compensatory damages.

**WHEREFORE,** Diedel demands judgment against the Defendant and requests that this Court enter an Order:

    A. Accepting jurisdiction of this case and declaring that the policies, procedures and services of the Defendant are discriminatory and violate the Rehabilitation Act;

B. Requiring the Defendant to alter the Nursing Center to make it accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C. Directing the Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures;

D. Mandating the Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, remove all architectural barriers that are readily achievable or as required by law, that alternative means be provided, and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against;

E. Awarding reasonable attorney's fees, expert fees, costs and expenses to Diedel;

F. Awarding compensatory damages for the emotional pain and suffering, humiliation, distress, anxiety, and trauma suffered by Diedel.

G. Awarding such other and further relief as the Court deems necessary, just and proper; and,

H. Retaining jurisdiction of this case until the Defendant has fully complied with the orders of this Court.

## DEMAND FOR JURY TRIAL

Diedel demands a trial by jury on all issues so triable as a matter of right.

Dated: July 26, 2011

                                              Respectfully submitted,

                                              **DE LA O, MARKO,**
                                              **MAGOLNICK & LEYTON**
                                              Attorneys for Plaintiff
                                              3001 S.W. 3rd Avenue
                                              Miami, Florida 33129
                                              Telephone: (305) 285-2000
                                              Facsimile:  (305) 285-5555

                                        By: /s/   Charles D. Ferguson
                                              **Charles D. Ferguson**
                                              Florida Bar No. 0741531
                                              ferguson@dmmllaw.com